

ORIGINAL

Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEITH WISHON, | § | Civil Action No. |
| | § | **4-06CV-397-A** |
| Plaintiff, | § | |
| | § | **COMPLAINT** |
| vs. | § | **and** |
| | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| REGENT & ASSOCIATES, LLP and | § | |
| STAN BROWN, | § | |
| | § | |
| Defendants. | § | |
| | § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.      Plaintiff, Keith Wishon., brings this action under the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex.

Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter

E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive

relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA

and the DTPA.

2.     Defendants, Regent & Associates, LLP ("Regent") and Stan Brown ("Brown") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Unifund CCR Partners ("Unifund"). The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

## Jurisdiction and Venue

3.     Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4.     Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## Parties

5.     Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6.     Regent is a law firm engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Regent's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Regent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Regent is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

7.     Brown is an individual engaged in the business of collecting consumer debts in the Northern District of Texas.  The principal purpose of Brown's business is the collection of consumer debts using the mails and telephone, and Brown regularly attempts to collect consumer debts for others. Brown is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6).  Brown is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).  Brown is employed by Regent as a Collector.

### Factual Allegations

8.     On or about December 8, 2005, Plaintiff had a telephone conversation with Brown. The conversation occurred after Regent had filed suit against the Plaintiff to collect the Debt purported owed to Unifund.  During that conversation, Brown made several representations to the Plaintiff, including the following:

  a.    that he was a "senior account representative with Regent & Associates."

  b.    "with the size of this balance, sir, to be honest with you, they would throw on roughly 20% of the balance in post judgment interest, as well as request attorney's fees…"

  c.    "I do not want the judgment to be implemented on this account … the only thing that's gonna stop the lawsuit is making payments on this account or paying it out…"

  d.    "…once they get the judgment … they walk directly from the judge's office and go right to the real property records and file it with them…"

  e.    when Plaintiff asked if there would be a lien on his home, Brown replied, "that is the lien" [referring to the filing in the preceding paragraph].

  f.    Brown then described the acts of the constable when executing against a judgment.  Plaintiff asked about his car, to which Brown replied, "it's possible – they could take vehicles."

g.     when Plaintiff inquired about the increase in the balance sought to be collected brown stated: "any funds that are exerted for collection purposes – they throw those on to the balance ... because ... under the terms of the contract the consumer is responsible for that also ... you basically have to pay to get a constable to come out and serve you your paperwork and also for us to file the suit ... the consumer flips that deal..."

9.     After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that his home and his car are exempt property, not subject to execution by Regent and/or Regent's client.

10.     After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that post judgment interest would not be added to any judgment in the amount of "roughly 20%."

11.     After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that the consumer does not pay for filing and service fees attendant to litigation, unless he is a losing party or otherwise ordered by a court of competent jurisdiction.

12.     After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that the lawsuit filed against him by Regent was non-suited, contrary to the representation that "the only thing that's gonna stop the lawsuit is making payments on this account or paying it out..."

13.     The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

14. The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

15. The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### First Claim for Relief

16. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the a. following:

   a. In violation of 15 U.S.C. § 1692d, the Defendants, Regent and Brown, engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

   i. Advising Plaintiff that "the only thing that's gonna stop the lawsuit is making payments on this account or paying it out…"

   ii. Advising Plaintiff that his home was subject to a lien to satisfy a potential judgment;

   iii. Advising Plaintiff that his car was subject to execution to satisfy a potential judgment;

   iv. Advising Plaintiff that post-judgment interest is "roughly 20%;"

   v. Advising Plaintiff of contractual terms, including Plaintiff's liability for filing and service fees.

   b. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

c.    In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action which cannot legally be taken or that is not intended to be taken.

d.    In violation of 15 U.S.C. § 1692f, the Defendants, Regent and Brown, used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

    i.    Advising Plaintiff that "the only thing that's gonna stop the lawsuit is making payments on this account or paying it out…"

    ii.    Advising Plaintiff that his home was subject to a lien to satisfy a potential judgment;

    iii.    Advising Plaintiff that his car was subject to execution to satisfy a potential judgment;

    iv.    Advising Plaintiff that post-judgment interest is "roughly 20%;"

    v.    Advising Plaintiff of contractual terms, including Plaintiff's liability for filing and service fees.

17.    Under 15 USC § 1692k, the Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for statutory damages, declaratory relief, costs, and reasonable attorney's fees.

### Second Claim for Relief

18.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the TDCA include, but are not limited to the following:

a.    In violation of Tex. Fin. Code § 392.301(a)(8), Defendants threatened to take (and/or did take) an action prohibited by law.

b.    In violation of Tex. Fin. Code Ann. § 392.302(1), Defendants have attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

c.    In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of a consumer debt.

d.    In violation of Tex. Fin. Code § 392.304(a)(12) the Defendants misrepresented that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges.

e.    In violation of Tex. Fin. Code § 392.304(a)(13) the Defendants misrepresented that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion.

f.    In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

19.    Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

20.    The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

21.    Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiff for injunctive relief, and reasonable attorney's fees.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.       Declare that Defendants' actions violate the FDCPA, the TDCA and the DPTA.

2.       Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3.       Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4.       Grant such further relief as deemed just.


Dated:  June 7, 2006.

                                        Respectfully submitted,


                                        Jerry J. Jarzombek
                                        Texas Bar No. 10589050

                                        714 W. Magnolia Avenue
                                        Fort Worth, Texas 76104
                                        Voice: 817-348-8325
                                        Fax: 817-348-8328

                                        ATTORNEY FOR PLAINTIFF



# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated:  June 7, 2006.

                    Respectfully submitted,

                    Jerry J. Jarzombek
                    Texas Bar No. 10589050

                    714 W. Magnolia Avenue
                    Fort Worth, Texas 76104
                    Voice: 817-348-8325
                    Fax: 817-348-8328

                    ATTORNEY FOR PLAINTIFF

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFFS
Keith Wishon

**DEFENDANTS**

JUN - 7 2006

**(b)** County of Residence of First Listed Plaintiff **Tarrant**
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U S PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek, The Law Office of Jerry Jarzombek, PLLC
714 W. Magnolia Avenue, Fort Worth, Texas 76104 817-348-8325

Attorneys (If Known)

# 4-06CV-397-A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U S Government Plaintiff | ☒ 3 Federal Question (U S Government Not a Party) | |
| ☐ 2 U S Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)

Brief description of cause Unlawful debt collection: FDCPA (15 USC 1692)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

DEMAND $ 1,000 +

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions).

JUDGE _____ DOCKET NUMBER _____

DATE
Jue 7, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # FW389 AMOUNT 350 APPLYING IFP _____ JUDGE A MAG JUDGE _____